UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANITA DRIVER, )
 )
    Plaintiff, )
 )
vs. ) Case No. 4:13-CV-76 (CEJ)
 )
BIG DADDY'S ON THE LANDING, LLC, )
 )
    Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Plaintiff has not responded, and the time to do so has expired.

    I.    **Background**

Plaintiff began working as a line cook at the defendant's restaurant on April 20, 2010. Plaintiff claims that, from October 2010 until her employment was terminated on September 27, 2011, she was sexually harassed by a coworker in the kitchen. Plaintiff states that the coworker touched her breasts and buttocks, rubbed his body against her, and made explicit sexual comments and demands for sexual favors. She alleges that she spoke to two managers about the coworker's inappropriate conduct, and that other managers witnessed the harassment. According to plaintiff, one manager told her to "deal with it" and that she "should not come to work looking so sexy."

Plaintiff alleges that the harassment made her physically ill. She took a sick day to avoid work on September 25, 2011. When she returned, she was told she needed

a doctor's note to excuse her absence. Plaintiff submitted a doctor's note, which defendant claims was a forgery. Defendant then terminated plaintiff's employment.

In the *pro se* complaint, plaintiff asserts claims of hostile work environment sexual harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §213 *et seq*.

II. Discussion

A. Motion for More Definite Statement

Defendant moves for a more definite statement, arguing that the grounds for plaintiff's claims are unclear. A motion under Rule 12(e) should be granted when a pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Plaintiff's *pro se* complaint is not vague, and, liberally construed, states identifiable counts of hostile work environment sexual harassment and retaliation under Title VII and the MHRA. Furthermore, a motion under Rule 12(e) "must be made before filing a responsive pleading…." Id. On the same day that defendant filed the instant motion, defendant also filed an answer to plaintiff's complaint. Therefore, defendant's motion for a more definite statement will be denied.

B. Motion to Dismiss for Failure to State a Claim

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) citing Swierkiewicz v. Sorema N.A., 534

U.S.506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570; see also id. at 562-63 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### 1. Hostile Work Environment

To state a prima facie case of hostile work environment sexual harassment under Title VII, 42 U.S.C. 2000e-2, plaintiff must adequately allege:

> (1) that she was a member of a protected group, (2) the occurrence of unwelcome harassment, (3) a causal nexus between the harassment and her membership in the protected group, (4) that the harassment affected a term, condition, or privilege of employment, and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action.

Erenberg v. Methodist Hosp., 357 F.3d 787, 792 (8th Cir. 2004) (citing Carter v. Chrysler Corp., 173 F.3d 693, 700 (8th Cir. 1999). "Because the relevant provisions of the Missouri Human Rights Act are patterned after federal law and interpreted with federal precedent, [plaintiff's] state claims need not be analyzed separately." Carter, 173 F.3d at 700, n. 5.

Defendant argues that the conduct plaintiff complains of did not rise to the level of unwelcome sexual harassment affecting a term, condition, or privilege of

employment. "The type of conduct that may constitute sexual harassment includes sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1377 (8th Cir. 1996). This conduct must be unwelcome, and must affect a term, condition, or privilege of employment, which means that "the workplace is permeated with 'discriminatory intimidation, ridicule and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Id. at 1378 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). Courts consider "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Erenberg v. Methodist Hosp., 357 F.3d 787, 792 (8th Cir. 2004).

Plaintiff has described specific instances of her coworker's physical and verbal sexual advances and requests for sexual favors. These advances were clearly unwelcome, as plaintiff complained about the conduct to several managers and told her coworker to "keep your hands off me." The advances occurred repeatedly over the course of a year; plaintiff states that she argued with the coworker about his conduct "every day I went to work." Defendant notes that plaintiff does not allege that the advances were physically threatening or that the advances interfered with plaintiff's work performance. While such allegations are to be taken into consideration, their absence does not necessarily render the complaint deficient. Giving a liberal reading to the complaint, it appears that plaintiff found her coworker's conduct, coupled with his demands for sexual favors from plaintiff, subjectively threatening and humiliating. Indeed, she alleges that the very thought of going to work and encountering the

unwelcome advances made her physically ill. Also, the fact that plaintiff continued to work under these circumstances does not conclusively establish that the harassment did not unreasonably interfere with her work performance. In fact, plaintiff alleges that the constant harassment made her physically ill and prompted her to take a sick day to avoid her coworker's advances. Plaintiff's allegations are sufficient to suggest that the conduct detracted from her job performance and her career advancement, and created an abusive workplace environment.

Defendant also argues that plaintiff fails to allege facts demonstrating that defendant knew or should have known of the harassment and failed to take proper and effective remedial action. The Court disagrees. Plaintiff alleges that the harassment occurred in plain view of management, and was so pervasive that other employees commented to her about it. She complained to two different managers, and although one manager told her that he would speak to her coworker, the harassment continued. This suggests that, despite defendant's knowledge of the harassment, defendant did not take effective remedial action.

Because plaintiff's allegations support a prima facie case of hostile work environment sexual harassment, defendant's motion to dismiss this claim will be denied.

### 3. Retaliation

"Title VII makes it unlawful for an employer to discriminate against an employee because she has 'opposed any practice made an unlawful employment practice,' or has made a charge or participated in an investigation or proceeding under the statute." <u>Alvarez v. Des Moines Bolt Supply, Inc.</u>, 626 F.3d 410, 416 (8th Cir. 2010) (citing 42 U.S.C. § 2000e-3(a)). "A plaintiff must show that the protected conduct was a

determinative factor in the employer's materially adverse employment action." Id. The MHRA applies this same analysis to retaliation claims. Evans v. Kansas City, Mo. School Dist., 65 F.3d 98, 100 n. 3 (8th Cir. 1995).

Plaintiff alleges that she was fired because she reported the sexual harassment. She reported the harassment (for a second time) to management, and shortly afterwards her employment was terminated. She was told that she was terminated because she submitted a fraudulent doctor's note, but plaintiff does not admit that the note was forged or was the true reason for her termination. Whether the note was, in fact, a forgery, and whether this incident caused plaintiff's termination, are questions of fact, not to be decided at this early stage of litigation. The facts alleged in the complaint are sufficient to support plaintiff's claims of retaliation, and defendant's motion to dismiss this claim will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. # 9] is **denied**.

**IT IS FURTHER ORDERED** that defendant's alternative motion for a more definite statement is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2013.